UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| STOUGHTON TRAILERS, LLC<br><br>Plaintiff,<br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court No. 15-00185 |

**COMPLAINT**

Plaintiff, Stoughton Trailers, LLC, by and through its attorney, alleges and states the following claims against defendant, United States of America.

1. Plaintiff seeks judicial review of the final negative determinations of the U.S. International Trade Commission in the antidumping and countervailing duty investigations of *53-Foot Domestic Dry Containers from China*, Investigation Numbers 701-TA-514 and 731-TA-1250 (Final). *53-Foot Domestic Dry Containers from China; Determinations*, 80 Fed. Reg. 32179 (June 5, 2015). The views of the Commission and accompanying staff report are set forth in *53-Foot Domestic Dry Containers from China:* Investigation Nos. 701-TA-514 and 731-TA-1250 (Final), USITC Publication 4537 (June 2015).

**<u>JURISDICTION</u>**

2. This action is brought pursuant to 19 U.S.C. §1516A(a)(2)(B)(ii), to contest the final negative determinations of the U.S. International Trade Commission in the antidumping and countervailing duty investigations of *53-Foot Domestic Dry Containers from China*, Investigation Numbers 701-TA-514 and 731-TA-1250 (Final). *53-Foot Domestic Dry Containers from China; Determinations*, 80 Fed. Reg. 32179 (June 5, 2015). The views of the

Commission and accompanying staff report are set forth in *53-Foot Domestic Dry Containers from China*: Investigation Nos. 701-TA-514 and 731-TA-1250 (Final), USITC Publication 4537 (June 2015).

3. The United States Court of International Trade has exclusive jurisdiction over this action under 28 U.S.C. §1518(c) since this action is commenced pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. §1516a.

**STANDING**

4. Stoughton Trailers, LLC (hereafter "Stoughton Trailers") is a U.S. producer of 53-foot domestic dry containers, and was the petitioner in the administrative proceeding.

5. Pursuant to 19 U.S.C. §1516a(a)(2)(B), Stoughton Trailers is an interested party as defined in 19 U.S.C. §1677(9)(F), since the company is a producer in the United States of the domestic like product.

6. Stoughton Trailers has standing to commence this action under 28 U.S.C. §2631(c).

**TIMELINESS**

7. Plaintiff, Stoughton Trailers commenced this action by filing a Summons on July 2, 2015, which was within thirty days after the publication of the final negative determinations of the U.S. International Trade Commission in the antidumping and countervailing duty investigations of *53-Foot Domestic Dry Containers from China; Determinations*, 80 Fed. Reg. 32179 (June 5, 2015). Plaintiff is filing this Complaint within thirty days of the date of the filing of the Summons, in accordance with Rule 3(a)(2) of the Rules of the U.S. Court of International Trade. Thirty days after July 2, 2015, is August 1, 2015. August 1, 2015, is a Saturday.

Pursuant to Rule 6(a)(1)(C) of the Rules of the U.S. Court of International Trade, the deadline for filing this Complaint is the next business day, August 3, 2015.

**THE ADMINISTRATIVE PROCEEDING**

8. On April 23, 2014, Stoughton Trailers filed a petition with the U.S. Department of Commerce and the U.S. International Trade Commission (hereafter "Commission" or "ITC") concerning imports of 53-foot domestic dry containers from China.

9. On April 29, 2014, the Commission published a notice regarding the institution of preliminary phase investigations concerning imports of 53-foot domestic dry containers from China. *53-Foot Domestic Dry Containers From China; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 79 Fed. Reg. 24005 (April 29, 2014).

10. On May 19, 2014, the U.S. Department of Commerce published a notice of the initiation of the antidumping investigation concerning imports of 53-foot domestic dry containers from China. *53-Foot Domestic Dry Containers From People's Republic of China: Initiation of Antidumping Duty Investigation*, 79 Fed. Reg. 28674 (May 19, 2014). On May 19, 2014, the U.S. Department of Commerce published a notice of the initiation of the countervailing duty investigation concerning imports of 53-foot domestic dry containers from China. *53-Foot Domestic Dry Containers From People's Republic of China: Initiation of Countervailing Duty Investigation*, 79 Fed. Reg. 28679 (May 19, 2014).

11. On June 9, 2014, the Commission issued a unanimous affirmative preliminary determination, finding that there is a reasonable indication that an industry in the United States is materially retarded by reason of imports of 53-foot domestic dry containers from China that were allegedly subsidized and sold in the United States at less than fair value. Notice of the

Commission's affirmative preliminary determination was published at 79 Fed. Reg. 33950 (June 13, 2014). The views of the Commission and accompanying staff report were published in the Commission's report, *53-Foot Domestic Dry Containers From China:* Investigation Nos. 701-TA-514 and 731-TA-1250 (Preliminary), USITC Publication 4474 (June 2014).

12. On September 29, 2014, the U.S. Department of Commerce published its affirmative preliminary determination in the countervailing duty investigation of *53-Foot Domestic Dry Containers From the People's Republic of China. Countervailing Duty Investigation of 53-Foot Domestic Dry Containers From the People's Republic of China: Preliminary Determination and Alignment of Final Determination With Final Antidumping Duty* Determination, 79 Fed. Reg. 58320 (September 29, 2014). On November 26, 2014, the U.S. Department of Commerce published its affirmative preliminary determination of sales at less than fair value in the antidumping duty investigation of *53-Foot Domestic Dry Containers From the People's Republic of China. 53-Foot Domestic Dry Containers From the People's Republic of China: Preliminary Determination of Sales at Less Than Fair Value; Preliminary Negative Determination of Critical Circumstances; and Postponement of Final Determination and Extension of Provisional Measures*, 79 Fed. Reg. 70501 (November 26, 2014). An amended affirmative preliminary determination of sales at less than fair value in this antidumping duty investigation was published on December 31, 2014. *53-Foot Domestic Dry Containers From the People's Republic of China. 53-Foot Domestic Dry Containers From the People's Republic of China: Preliminary Determination of Sales at Less Than Fair Value*, 79 Fed. Reg. 78800 (December 31, 2014).

13. On December 11, 2014, the Commission published its institution notice regarding the final phase investigations of *53-Foot Domestic Dry Containers From China*. *53-Foot*

*Domestic Dry Containers From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 79 Fed. Reg. 73626 (December 11, 2014).

14. On April 17, 2015, the U.S. Department of Commerce published its final affirmative determination of sales at less than fair value. The final dumping margins calculated by the U.S. Department of Commerce ranged from 107.19 percent to 111.22 percent, and encompassed all producers/exporters of the subject imports in China. *53-Foot Domestic Dry Containers From the People's Republic of China: Final Determination of Sales at Less Than Fair Value; Final Negative Determination of Critical Circumstances*, 80 Fed. Reg. 21203 (April 17, 2015). On April 17, 2015, the U.S. Department of Commerce published its final affirmative countervailing duty determination. The final subsidy margins calculated by the U.S. Department of Commerce ranged from 17.13 percent to 28.00 percent, and encompassed all producers/exporters of the subject imports in China. *53-Foot Domestic Dry Containers From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 80 Fed. Reg. 21209 (April 17, 2015).

15. On April 9, 2015, parties to the final phase investigations of the U.S. International Trade Commission, including Stoughton Trailers, submitted pre-hearing briefs to the Commission.

16. On April 16, 2015, the U.S. International Trade Commission conducted a public hearing in connection with its final phase investigations. Stoughton Trailers was represented by legal counsel, economists, and industry representatives, who testified before the Commission in support of a final affirmative determination. Other interested parties, including certain U.S. purchasers and representatives of certain producers/exporters of the subject merchandise in China, also appeared and provided testimony at the hearing.

17. On April 23, 2015, parties to the final phase investigations of the U.S. International Trade Commission, including Stoughton Trailers, submitted post-hearing briefs to the Commission.

18. On May 11, 2015, the U.S. International Trade Commission released its final staff report in the final phase investigations.

19. On May 13, 2015, parties to the final phase investigations of the U.S. International Trade Commission, including Stoughton Trailers, submitted final comments to the Commission.

20. On May 19, 2015, the Commission conducted a public vote in its final phase investigations. The Commission determined by a vote of 5-0 that the establishment of an industry in the United States is not materially retarded by reason of imports of 53-foot domestic dry containers from China that the U.S. Department of Commerce has determined are subsidized and sold in the United States at less than fair value. The Commission's final determination was published on June 5, 2015. *53-Foot Domestic Dry Containers from China; Determinations*, 80 Fed. Reg. 32179 (June 5, 2015). The views of the Commission and accompanying staff report are set forth in *53-Foot Domestic Dry Containers from China*: Investigation Nos. 701-TA-514 and 731-TA-1250 (Final), USITC Publication 4537 (June 2015).

## STANDARD OF REVIEW

21. In reviewing final determinations of the U.S. International Trade Commission in antidumping and countervailing duty investigations, the U.S. Court of International Trade "shall hold unlawful any determination, finding, or conclusion found … to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. §1516a(b)(1)(B).

## STATEMENT OF CLAIMS

22. In the following respects, and for other reasons apparent from the record of the administrative proceeding, the final negative determinations of the U.S. International Trade Commission in the final phase investigations of *53-Foot Domestic Dry Containers From China* are unsupported by substantial evidence on the record, or otherwise not in accordance with law.

### Count 1

23. The allegations in paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

24. The Commission's final negative determinations that the establishment of an industry in the United States was not materially retarded by reason of imports of 53-foot domestic dry containers from China that the U.S. Department of Commerce has determined are subsidized and sold in the United States at less than fair value are not supported by substantial evidence on the record, and are otherwise not in accordance with law.

### Count 2

25. The allegations in paragraphs 1 through 24 are incorporated by reference and restated as if fully set forth herein.

26. The Commission's negative final determinations are not supported by substantial evidence on the record and are otherwise not in accordance with law since the determinations were premised upon an analytical framework that was erroneously termed by the Commission as the legal standard for "material retardation" investigations.

In reaching its negative final determinations, the Commission framed its analysis as whether the domestic industry's performance "reflects merely the normal start-up condition of a company entering an admittedly difficult market or, is the performance worse than what could

reasonably be expected." However, having determined that the domestic industry is not established, the Commission failed to frame its analysis, pursuant to controlling legal precedent, as whether the subject imports themselves are making more than a minimal or tangential contribution to the material retardation of the domestic industry. This standard is well-established in the case of "material injury" and "threat of material injury" investigations, and is equally applicable to "material retardation" investigations. Where, as in this case, subject imports control nearly 100 percent of the U.S. market, and all of the subject imports are unfairly traded (with combined dumping and subsidy margins well in excess of 100 percent), the Commission's use of an improper and erroneous legal standard resulted in legally, and fatally, flawed negative final determinations.

**Count 3**

27. The allegations in paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

28. The Commission's finding that substitutability between the domestic like product and subject imports is limited, and the subsidiary findings on which this conclusion rests, are not supported by substantial evidence on the record and otherwise not in accordance with law. Among other errors, the Commission's analysis failed to account for a wide range of probative evidence provided by Stoughton Trailers which established that a specific method of manufacture and assembly of 53-foot domestic dry containers was not required or was not relevant for many U.S. purchasers, and did not direct suitability of the product for specific end-uses of the product. Moreover, the Commission's analysis ignored, misinterpreted or marginalized probative evidence on the record regarding communications between Stoughton

Trailers and prospective U.S. purchasers regarding stated requirements for 53-foot domestic dry containers.

**Count 4**

29. The allegations in paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

30. The Commission's finding that subject imports are not responsible for the materially retardation of the establishment of a domestic industry, and the subsidiary findings on which this conclusion rests, are not supported by substantial evidence on the record and otherwise not in accordance with law. The Commission's determination ignored or left unaddressed probative evidence provided by Stoughton Trailers which established that its inability to conclude commercial sales of the product in the U.S. market were wholly or largely due to the lower price of subject imports, rather than perceived flaws in the design and manufacture of the domestic like product. Among other errors, the Commission erroneously concluded that Stoughton Trailer's alleged "difficulties in producing a product that would meet purchaser requirements" was the preclusive factor, to the exclusion of price considerations, that prevented Stoughton Trailers from an opportunity to establish itself in the U.S. market.

**Count 4**

31. The allegations in paragraphs 1 through 30 are incorporated by reference and restated as if fully set forth herein.

32. The Commission's negative final determinations are not supported by substantial evidence on the record and otherwise not in accordance with law because, among other reasons, the Commission did not consider the final dumping margins calculated for all subject imports. In examining the impact of subject imports on the domestic industry, the ITC is directed by the

operative statute, 19 U.S.C. §1677(35)(C), to consider, among other factors, the magnitude of the margins of dumping found by the U.S. Department of Commerce. The final dumping margins calculated by the U.S. Department of Commerce ranged from 107.19 percent to 111.22 percent, and encompassed all producers/exporters of the subject merchandise in China. However, the ITC's "consideration" of this statutory factor amounted to no more than a simple recitation of the final dumping margins, relegated to only a footnote in the Views of the Commission, and the Commission's cursory conclusion that the high margins do not "detract from our conclusion that subject imports were not responsible for the material retardation of the establishment of the domestic industry."

This analytical omission was particularly significant since, *inter alia*, subject imports account for nearly all of supply of the subject merchandise in the U.S. market during the period of investigation. The error resulting from this analytical omission was compounded by the ITC's erroneous conclusions that there was "limited" competition between subject imports and the domestic like product, and subject imports were not the cause of the failure of the domestic industry to establish itself during the period of investigation.

## PRAYER FOR RELIEF AND JUDGEMENT

WHEREFORE, Plaintiff, Stoughton Trailers, LLC, respectfully requests that the court enter judgment as follows:

A) Enter judgment in favor of Plaintiff;

B) Hold as unlawful the Commission's final negative determinations that are the subject of this Complaint;

C) Remand this proceeding to the Commission with instructions to publish a revised final determination in conformity with the Court decision; and

D) Provide such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Jeffrey S. Levin

Jeffrey S. Levin

Levin Trade Law, P.C.
7800 Beech Tree Road
Bethesda, MD 20817
Tel: 301-787-3531
Fax: 301-263-0005
Email: JeffLevin@levintradelaw.com

Counsel for
Stoughton Trailers, LLC
Plaintiff

Dated: July 31, 2015